1
2
3
4
5
6
7
8

9           **UNITED STATES DISTRICT COURT**
10          **NORTHERN DISTRICT OF CALIFORNIA**
11              **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12 EDUARDO ALGUERA, | Case No. 12-cv-04549 NC |
| 13          Plaintiff, | **ORDER TO SHOW CAUSE** |
| 14     v. | Re: Dkt. No. 1 |
| 15 USBANK, N.A., and others, | |
| 16          Defendants. | |

Plaintiff Eduardo Alguera brings this action for damages, quiet title, and declaratory relief. Dkt. No. 1. Plaintiff invokes federal jurisdiction under 28 U.S.C. § 1332(c)(1) on the basis of diversity of citizenship. As the single claim in the complaint arises exclusively out of state law, and the complaint alleges that Plaintiff is a citizen of the same state (California) as two of the named defendants, the Court lacks subject matter jurisdiction over this action. Accordingly, by September 28, 2012, Plaintiff must show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. Also by September 28, Plaintiff must amend his complaint to clarify the defendants against whom he brings his claim, as the parties listed in the caption of the complaint do not match the parties discussed in the body of the complaint.

//

**I.     Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court, however, "has an obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). Furthermore, a court may not dismiss an action without leave to amend unless it is clear that "the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

**A.     Federal Question Jurisdiction – 28 U.S.C. § 1331**

Federal courts may exercise federal question jurisdiction over an action where (1) a federal right is an essential element of the plaintiff's cause of action or (2) a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (citations omitted); 28 U.S.C. § 1331. The determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Provincial Gov't of Marinduque*, 582

1 F.3d at 1091 (federal question on which jurisdiction is based must be disclosed on the face
2 of the complaint).

### B. Diversity Jurisdiction – 28 U.S.C. § 1332

Where no federal question exists, a court may exercise jurisdiction where the action is between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the citizenship of the plaintiff be diverse from that of every defendant. *Cook v. AVI Casino Enters. Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

For an individual, citizenship for the purpose of diversity jurisdiction is determined by his "domicile," defined as his "permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). If a litigant is an entity rather than an individual, the form of the entity dictates citizenship for purposes of federal subject matter jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of the state where it was incorporated and the state in which it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, — U.S. — (2010). "[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.

Here, Plaintiff alleges that he is a citizen of California. He also alleges that Defendants Household Finance and USBANK, N.A. are California corporations. The citizenships of the parties are not diverse because Plaintiff and two Defendants are from the same state. Thus, Plaintiff's complaint does not establish that this Court has subject matter jurisdiction. Plaintiff should consider the above-described jurisdictional bases in

Case No. 12-cv-004549 NC
ORDER TO SHOW CAUSE 3

1 | preparing his amended complaint.

2 |     For additional guidance, Plaintiff may refer to the Court's Pro Se Handbook,
3 | available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or
4 | contact the Legal Help Center, which provides information and limited-scope legal advice
5 | to pro se litigants in civil cases. The Legal Help Center requires an appointment, which
6 | can be made by calling (415) 782-9000 x8657.

7 |     IT IS SO ORDERED.

8 | Date: September 13, 2012

                                        Nathanael M. Cousins
                                        United States Magistrate Judge