UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO ALGUERA,<br><br>    Plaintiff,<br><br>    v.<br><br>USBANK, N.A., and others,<br><br>    Defendants. | Case No. 12-cv-04549 NC<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

On August 30, 2012, plaintiff Eduardo Alguera filed a complaint against defendants USBank, N.A., Household Finance Corp., and Recontrust Company. On September 13, 2012, the Court issued an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Alguera did not respond. Because the Court lacks subject matter jurisdiction, the Court DISMISSES the action without leave to amend.

## I. BACKGROUND

Alguera brings this action for damages, quiet title, and declaratory relief. Dkt. No. 1. He asserts that he has failed to make timely payments on his mortgage due to financial hardship, and as a result, defendants seek to foreclose on his property. *Id.* at 4. Alguera disputes that defendants have authority to enforce the deed of trust and to initiate the nonjudicial foreclosure process and seeks a declaration that the deed is invalid. *Id.* at 5. He alleges that the deed was separated improperly from the note and that the true trustee

has not been ascertained. *Id.* Alguera also seeks quiet title and damages if the deed of trust is declared unenforceable. *Id.* at 6.

On September 13, 2012, the Court granted Alguera's motion to proceed in forma pauperis and ordered him to show cause why the case should not be dismissed for lack of subject matter jurisdiction. The Court also directed Alguera to amend his complaint to clarify the defendants against whom he brings his claim, as the parties listed in the caption of the complaint do not match the parties discussed in the body of the complaint. In addition, the Court referred Alguera to the Pro Se Help Desk for guidance.

Alguera did not respond to the Court's order to show cause. His response was due September 28, 2012. Nor did Alguera amend his complaint to clarify the parties against whom be brings this suit. Alguera has consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c), but no defendants have been served.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court, however, "has an obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). Furthermore, a court may not dismiss an action without leave to amend unless it is clear that "the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

Alguera alleges only one claim: that the deed of trust is unenforceable due to a breach of the mortgage agreement. This claim arises exclusively out of state law, and the

complaint alleges that Plaintiff is a citizen of the same state (California) as two of the named defendants.  In the absence of a federal question or diversity of citizenship between the parties, this Court lacks subject matter jurisdiction.

The Court ordered Alguera to establish subject matter jurisdiction, and he failed to do so.  The Court warned Alguera that failure to establish subject matter jurisdiction would result in dismissal.  The facts as pleaded do not give rise to jurisdiction, and no amendment will cure this deficiency.  Accordingly, the Court DISMISSES Alguera's complaint WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Date: November 30, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge